IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01034–WYD–KMT

DR. BETHANN BIERER,

    Plaintiff,

v.

METROPOLITAN STATE COLLEGE, THE BOARD OF TRUSTEES OF, a Colorado body corporate,
MARIA GARCIA BERRY, in her official capacity as a Trustee,
DAWN P. BOOKHARDT, in her official capacity as a Trustee,
ROBERT COHEN, in his official capacity as a Trustee,
ANTONIO ESQUIBEL, in his official capacity as a Trustee,
GERIE GRIMES, in her official capacity as a Trustee,
WILLIAM HANZLIK, in his official capacity as a Trustee,
MELODY HARRIS, in her official capacity as a Trustee,
MICHELLE M. LUCERO, in her official capacity as a Trustee,
ADELE PHELAN, in her official capacity as a Trustee,
ELLEN S. ROBINSON, in her official capacity as a Trustee,
EUGENE W. SAXE, in his official capacity as a Trustee,
DR. ELLEN SUSMAN, in her individual capacity,
DR. MARY ANN WATSON, in her individual capacity,
DR. JOAN FOSTER, in her individual capacity, and
DR. STEPHEN M. JORDAN, in his individual and official capacities,

    Defendants.

**ORDER**

This matter is before the court on "Defendants' Unopposed Motion to Stay Proceedings, Vacate Scheduling Conference, and Extend Deadlines for Briefing on Defendants' Amended Motion to Dismiss." ([Doc. No. 11] [filed July 17, 2009] [hereinafter "Mot. to Stay"].) Chief

Judge Wiley Y. Daniel previously granted that part of Defendants' Motion seeking an extension of time for Plaintiff to respond to Defendants' Amended Motion to Dismiss ([Doc. No. 10] [filed July 15, 2009]) and referred the remainder of the motion for ruling by this court. ([Doc. No. 12] [filed July 17, 2009].)  Defendants request that proceedings be stayed in this matter pending the resolution of the Amended Motion to Dismiss currently pending before Chief Judge Daniel.  As grounds therefor, Defendants claim that the Amended Motion to Dismiss "raises serious issues of governmental and qualified immunity."  (Mot. to Stay at 3.)

"[I]mmunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including 'avoidance of disruptive discovery.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1945–46 (2009) (quoting *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)).  As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.  Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.  The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL

894955, at *2 (D. Colo. March 30, 2006) (unpublished).  Fed. R. Civ. P. 26(c) does, however, provide that

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

A motion to stay discovery is an appropriate exercise of this court's discretion.  *Landis v. North American Co.*,  299 U.S. 248, 254–255 (1936).  The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.  *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Alan Wright et al., *Federal Practice and Procedure* § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored in this District.  *Chavez v. Youn Am. Ins. Co.*, No. 06-2419, 2007 U.S. Dist. LEXIS 15054, 2007 WL 683973 (D. Colo. Mar. 2, 2007).

Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.Fla.2003). When considering a stay of discovery, the court may consider and weigh: "(1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kansas City Southern Ry. Co. v. United States*, 282 U.S. 760, 763 (1931); *See also*, *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987).

The parties are in agreement that discovery and all other proceedings should be stayed until a ruling on the Motion to Dismiss. (Mot. to Stay at 5.) Therefore, any prejudice to the plaintiff resulting from the stay does not weigh heavily in this court's analysis. Defendants claim that if discovery were to proceed they would incur the following burdens: 1) loss of "the benefits of governmental immunity and qualified immunity;" 2) unnecessary and duplicative discovery; and 3) undue burden and expense. (*Id.* at 6.) Plaintiff does not dispute this claim. Upon review of the pleadings, the court finds that issues of qualified and Eleventh Amendment immunity may be dispositive of the vast majority of claims and defendants.

Furthermore, there is no indication that granting a stay will inconvenience the court or prejudice the interests of persons not parties to this action. Indeed, the public interest is served by avoiding what the parties characterize as unnecessary expenses associated with duplicative discovery. *See* Fed. R. Civ. P. 1 (instructing that the Federal Rules "should be construed and

administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding") (emphasis added).

Balancing these five factors in light of the parties' agreement to conduct limited discovery as to the issues raised in the Amended Motion to Dismiss, the court finds that a stay of proceedings is appropriate in this case.

Therefore, it is **ORDERED** that

"Defendants' Unopposed Motion to Stay Proceedings, Vacate Scheduling Conference, and Extend Deadlines for Briefing on Defendants' Amended Motion to Dismiss," (Doc. No. 11) is **GRANTED** insofar as the Scheduling Conference currently set for July 29, 2009 is **VACATED** and all proceedings in this matter are hereby **STAYED**.

The parties are **ORDERED** to file a status report within seven (7) days of a resolution of Defendants' Amended Motion to Dismiss (#10).

Dated this 24th day of July, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge