IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-01034-WYD-KMT

DR. BETHANN BIERER,

    Plaintiff,

v.

METROPOLITAN STATE COLLEGE OF DENVER BOARD OF TRUSTEES, a Colorado body corporate;
MARIA GARCIA BERRY, in her official capacity as Trustee;
DAWN P. BOOKHARDT, in her official capacity as Trustee;
ROBERT COHEN, in his official capacity as Trustee;
ANTONIO ESQUIBEL, in his official capacity as Trustee;
GERIE GRIMES, in her official capacity as Trustee;
WILLIAM HANZLIK, in his official capacity as Trustee;
MELODY HARRIS, in her official capacity as Trustee;
MICHELLE M. LUCERO, in her official capacity as Trustee;
ADELE PHELAN, in her official capacity as Trustee;
ELLEN S. ROBINSON, in her official capacity as Trustee;
EUGENE W. SAXE, in his official capacity as Trustee;
DR. ELLEN SUSMAN, in her individual capacity;
DR. MARY ANN WATSON, in her individual capacity;
DR. JOAN FOSTER, in her individual capacity; and
DR. STEPHEN M. JORDAN, in his official and individual capacities,

    Defendants.

## ORDER

THIS MATTER comes before me on Defendants' Amended Motion to Dismiss [ECF No. 10]. I have also considered Plaintiff's Response in Opposition to the Motion to Dismiss and [ECF No. 18] and Defendants' Reply [ECF No. 25]. Plaintiff filed a Motion to Strike Portion of Defendants' Reply [ECF No. 26], which has also been fully briefed [ECF No. 27

1

and 31]. The Class Complaint seeks declaratory and injunctive relief barring Defendants from the continued application of an alleged discriminatory "Target of Opportunity Program", a program that allows officials at the Metropolitan State College of Denver to create and fill teaching positions when there is a underutilization of diverse faculty in a particular discipline. The Complaint alleges claims for violation of constitutionally mandated equal protection and the freedom of speech guarantees pursuant to 42 U.S.C. § 1983; race, national origin, and gender discrimination in violation of Title VII; age discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); age discrimination and retaliation in violation of the Colorado Anti-Discrimination Act ("CADA"); and claims under the Colorado state common law. Defendants have moved to dismiss the entire Class Complaint on varied grounds. Having reviewed the parties' pleadings and arguments, and the applicable law, Defendants' motion is granted in part and denied in part as set forth below.

**I.   BACKGROUND**

The following facts are taken from the allegations of the Class Complaint and Jury Demand [ECF No. 1].[1] Plaintiff, Dr. Bethann Bierer (hereinafter "Plaintiff"), is a 54 year-old Caucasian female who has been licensed by the state of Colorado as a Clinical Psychologist for over 21 years. Since 2003, Plaintiff has held part time and full time teaching positions at Metropolitan State College of Denver ("MSCD"), which is a public four-year institution of higher learning. In the fall of 2005, MSCD's Psychology Department announced two job openings for tenure track positions. Plaintiff did not allege that she

---

[1] This recitation of the facts is applicable to the 12(b)(6) arguments, not the motion for summary judgment.

applied for these jobs or that the Target of Opportunity Program (hereinafter "TOP") was used to fill the positions. Plaintiff alleges that MSCD ultimately hired a less qualified man who was between the ages of 20 and 29 years old. Plaintiff complained to her supervisor, Dr. Ellen Susman, the chair of MSCD's Psychology Department, that the hiring decision was discriminatory based on age.

The Class Complaint further alleges that in October 2007, Plaintiff submitted a proposal to Dr. Susman to revitalize MSCD's parenting minor into a parenting studies program. Plaintiff claims that Dr. Susman became very upset with Plaintiff when she received the proposal. Dr. Susman allegedly expressed her displeasure with the proposal and told Plaintiff she should leave MSCD's Psychology Department.

Also in the fall of 2007, Plaintiff applied for a tenure track teaching position. Of the factors described in the job announcement, she possessed all of the required qualifications and 8 of the 9 preferred qualifications. Dr. Susman and Dr. Mary Ann Watson were members of the search committee to fill the position. Plaintiff was informed in November of 2007 that she was not selected for an interview. As a result, Plaintiff complained that she had been discriminated and retaliated against in the selection process. Plaintiff alleges that she was then offered an interview, but in a manner that would guarantee she was not selected. Plaintiff fails to explain how the interview differed from others or why it was destined to result in failure. The search committee ultimately recommended the hiring of a younger woman. Plaintiff alleges that the candidate's national origin was a factor relied upon in the selection process. Plaintiff further alleges that the decision to select another candidate was motivated by Plaintiff's age, complaints of discrimination and retaliation, and exercise of her right to academic freedom.

Plaintiff alleges that MSCD adopted the TOP in May of 2005. The TOP makes each appointment decision expressly based upon race, national origin, and gender. Under the TOP, when a Department determines that there is underutilization of faculty from a particular race, national origin, or gender, appointing officials are permitted to create a position or directly place a member of that under represented race, national origin, or gender into a vacant or specially created position. Plaintiff alleges that from January 2004 and December 2008, MSCD made approximately 60 appointments pursuant to the TOP Program. In each case, members of any racial, ethnic, or gender group that was considered appropriately represented were not eligible for the TOP placement, and were not considered regardless of qualifications.

Plaintiff alleges that in the summer of 2008, the Psychology Department placed a young, male, African-American instructor with much less experience and lower teaching evaluations into a tenure track position through the TOP Program. Following that appointment, Plaintiff requested that her position be converted to tenure track, and that she be placed in a tenure track position by direct appointment pursuant to the TOP Program. In response, MSCD informed Plaintiff that she was not eligible for TOP placement because white women were not under-represented within the Psychology Department.

Plaintiff alleges that Defendant Dr. Stephen M. Jordan has been the President of MSCD since 2005 and has been a vocal and public advocate for increasing the number of African-American and Latino instructors and administrators at MSCD. Plaintiff claims that Defendant Jordan established an institutionalized custom, policy, and practice of unlawful discrimination intended to make the demographic profile of the faculty and staff reflect the profile of the City and County of Denver. Defendant Jordan allegedly should have known

4

that the TOP policy and other quotas based on gender, race, and national origin violate the United States Constitution and federal law.

Defendants move to dismiss Plaintiff's First and Second Claims (Violation of Equal Protection - 42 U.S.C. §1983 and (2) Violation of Title VII) for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Defendants move to dismiss Plaintiff's Third Claim (Abridgement of First Amendment Freedom of Speech (42 U.S.C. §1983)) pursuant to Rule 12(b)(6) because Plaintiff failed to allege that her speech was made as a citizen on a matter of public concern. Defendants move to dismiss the Fourth Claim (Discrimination and Retaliation in Violation of the ADEA) pursuant to Rule 12(b)(6) because the individual Trustees cannot grant the requested relief. Defendants also move to dismiss Plaintiff's Seventh Claim (Intentional Interference with Contract and Prospective Contractual Relationship) pursuant to Rule 12(b)(6) because Plaintiff has not plausibly alleged any contractual breaches. In her reply, Plaintiff does not oppose dismissal of Claims Five and Six. Plaintiff also does not oppose dismissal of Defendants Gerie Grimes and Eugene W. Saxe. Accordingly, those claims and those Defendants are dismissed without prejudice.

I will now address each argument advanced by Defendants to dismiss the remaining Defendants and claims *seriatim*.

## II. LEGAL ANALYSIS

### A. Motion to Dismiss the First and Second Claims pursuant to Fed. R. Civ. P. 12(b)(1) because the Plaintiff lacks standing

Defendants move to dismiss the First and Second Claims for relief - Violation of Equal Protection - 42 U.S.C. §1983 and Violation of Title VII - because the Plaintiff lacks standing. Defendants first moved pursuant to Rule 12(b)(1) and acknowledged that the

Court could consider matters outside of the pleadings in resolving the motion without converting it to one for summary judgment. Defs.' Mot., p. 4 [ECF No. 10]. In her response, Plaintiff insists that the motion be converted to one for summary judgment because "Defendants' 12(b)(1) Motion requires resolution of the merits of [Plaintiff's] claim." Pl.'s Mot., p. 3 [ECF No. 18]. Plaintiff submitted extensive exhibits in support of her position that summary judgment be denied on the standing issue. *Id.* Defendants' Reply conceded that the Court could convert the motion to one for summary judgment and supported their motion with 9 pages of factual discussion and argument and the presentation of 21 exhibits. Plaintiff moved to strike two sections of Defendants' Reply arguing that both she and the Court have been prejudiced by Defendants' strategy to wait until a Reply brief to submit the factual basis for their motion. She argues that she has no way to respond to this factual challenge and the Court is without any basis to determine whether facts are disputed or undisputed.

I do not share the Plaintiff's belief that the Defendants' actions here were motivated by a desire to disadvantage and prejudice Plaintiff. I also do not believe that Defendants delayed the presentation of the facts supporting their motion until a reply brief as some form of "tactic" designed to gain an advantage over Plaintiff. I do, however, agree that the procedures employed by the parties have resulted in unnecessary confusion. I will evaluate Defendants' standing arguments pursuant to Rule 56.

To demonstrate standing, a plaintiff must satisfy three criteria in order for there to be a "case or controversy" that may be resolved by the federal courts. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest that is both (a) concrete and particularized

and (b) actual or imminent, not conjectural or hypothetical.  *Id*.  Second, there must be a causal connection between that injury and the challenged action of the defendant-the injury must be "fairly traceable" to the defendant, and not the result of the independent action of some third party.  *Id*.  Finally, it must be likely, not merely speculative, that a favorable judgment will redress the plaintiff's injury.  *Id*. at 561.  "As the party seeking to invoke federal jurisdiction, the plaintiff [ ] has the burden of establishing each of these three elements of Article III standing."  *Nova Health Sys. V. Gandy* 416 F.3d 1149, 1156 (10th Cir. 2005).  At the summary judgment stage, the plaintiff must set forth by affidavit or other evidence specific facts that, if taken as true, establish each of these elements.  *Id*.

Defendants first argue that Plaintiff lacks standing to challenge the TOP because (1) TOP is not used to convert temporary faculty positions to tenure track positions when there is no job opening; (2) Plaintiff is not qualified for a tenure track position; (3) Plaintiff has not demonstrated that MSCD's use of the TOP to hire Dr. Travis Heath injured her;  (4) Plaintiff has not demonstrated that she would have been eligible for Dr. Stephen Culpepper's position; and (5) Plaintiff cannot prove redressability.  Plaintiff correctly points out that the "injury in fact" necessary to establish standing in this context is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.  *Northeastern Fla. Chapter Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656, 666 (1993).  To demonstrate standing in the face of such a barrier, a party need only demonstrate that it is able and ready to perform and that a discriminatory policy prevents it from doing so on an equal basis.  *Id.*  "However, the plaintiff still must show that the challenged discriminatory criterion was, in fact, the barrier that disadvantaged his or her ability to obtain benefits."  *Day v. Bond*, 500 F.3d 1127, 1133 (10th Cir. 2007).

With respect to Defendants' first argument that the TOP Program is not used to convert non-tenure track positions to tenure track positions, I agree that Plaintiff failed to introduce evidence to create a disputed issue of fact. Plaintiff cites the deposition of Percy A. Morehouse, Jr., in an effort to create a disputed issue of fact as to whether the TOP Program is used to convert non-tenure track positions into tenure track positions. Mr. Morehouse's deposition testimony, however, provides:

> Q: Is the TOP ever used to convert a non-tenure-track line to a tenure track line?
>
> A: No.

Ex. M p. 37:9-11. The undisputed evidence demonstrates that TOP is not used to convert non-tenure track positions into tenure track positions. Accordingly, Defendants are entitled to summary judgment on this component of their motion.

Defendants also argue that Plaintiff cannot show that MSCD's use of TOP to hire Dr. Travis Heath injured her. Defendants maintain that Plaintiff cannot establish causation for this claim because she "has not established that she would have applied for the opening for which Dr. Heath was appointed." Defs.' Mot., p. 15 [ECF No. 25]. In an effort to create a material issue of fact, Plaintiff now claims in her response to the summary judgment motion that she would have applied for Dr. Heath's position. This self-serving statement is not enough, however, to overcome what is readily apparent on the face of Plaintiff's Complaint; none of her claims of discrimination involve being passed over for a *non*-tenure track position. See Compl., ¶¶ 1, 19, 26, 41 and 44. This is not a case where Plaintiff's injury is the denial of equal treatment resulting from a barrier, as opposed to her ultimate inability to obtain the benefit. The denial of equal treatment for non-tenure positions is not

8

alleged in her Complaint. The only barrier to Plaintiff competing for a non-tenure track position is the Plaintiff herself. Therefore, Plaintiff's injury related to the hiring of Dr. Heath is a mere hypothetical, and one that she has only divined in response to summary judgment.

It is of no consequence whether Plaintiff now claims that she would have applied for Dr. Heath's position had that position been competitively bid. *See* Pls' Resp., p. 21, and Ex. A, ¶46. The proper procedure for Plaintiff to assert a new claim is to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a). A plaintiff may not amend her complaint through argument in a brief opposing summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Here, Plaintiff's Complaint does not allege that she was denied any opportunity to apply for or receive a *non*-tenure track position because of the TOP program. Defendants are entitled to summary judgment on this issue.

Defendants also argues that Plaintiff lacks standing to pursue claims arelated to Dr. Stephen Culpepper's hiring. Defendants argue that Plaintiff was not qualified for the position that Dr. Culpepper was hired into. Plaintiff, relying on *Northeastern Fla. Chapter Associated Gen. Contractors of America v. Jacksonville*, 508 U.S. 656, 666 (1993), claims that she has standing because she was denied the right to compete on equal footing for the position, regardless of whether she would have been ultimately successful in obtaining the employment position. The language Plaintiff cites, that "the injury is the imposition of the barrier itself" from the *Jacksonville* line of cases is not the end of the inquiry. As the Tenth Circuit has stated, relying on "'the injury is the imposition of the barrier itself' in cases of competition on an uneven field does not grant license to assert injury upon an allegation

of competition that itself may be merely hypothetical[.]" *Day*, 500 F.3d at 1134 (*quoting Buchwald v. Univ. of N.M. Sch. of Med.*, 159 F.3d 487, 493 (10th Cir. 1998). Here, the competition was true hypothetical. Plaintiff's Complaint clearly uses the Dr. Culpepper hiring as a basis to support her request for the conversion of her non-tenure track position into a tenure track position, not because she was denied an opportunity to compete for that position. This conclusion is underscored by Plaintiff's admission in her Complaint that the position was created specifically for Dr. Culpepper. Moreover, as the Defendants have pointed out, Plaintiff was not qualified for Dr. Culpepper's position. This is not a question of merely whether Plaintiff was generally qualified for tenure-track position as Plaintiff suggests. The uncontradicted evidence supplied by Defendants readily establishes that Plaintiff did not have any experience teaching the courses Dr. Culpepper was hired to teach. Plaintiff has not submitted facts that, if true, would establish the elements of standing. Her injury was hypothetical and a favorable ruling would not redress her being passed over for a position she was not qualified to teach. This conclusion is further supported by the unrebutted fact that once Dr. Culpepper backed out of the position, the position was never filled with another candidate. Accordingly, Defendants' motion is granted as to this claim.

The motion to dismiss that has been converted to a motion for summary judgment on the issue of Plaintiff's standing to challenge the TOP Program is GRANTED as to the First and Second Claims for Relief. Plaintiff does not dispute that to the extent she does not have standing to pursue claims on her own, she would also not have standing to represent a class and summary judgment is therefore granted on those claims as well.

### B. Motion to Dismiss the Individual Board Members and President Jordan from Plaintiff's Third and Fourth Claims pursuant to Fed. R. Civ. P. 12(b)(6)

Plaintiff named each member of the MSCD Board of Trustees and President Jordan in their official capacities for relief including, but not limited to, injunctive and declaratory relief, prospective relief, and "instatement" to a tenure-track position. Defendants seek dismissal because Plaintiff's claims are barred by the Eleventh Amendment and the claims do not satisfy the *Ex Parte Young* exception. Specifically, Defendant argues dismissal is appropriate because: (1) neither the individual Board of Trustee members nor President Jordan have authority to "instate" her; (2) two of the board members are nonvoting board members and cannot provide the requested relief; and (3) plaintiff may not seek a declaration of past discrimination. In her reply, Plaintiff clarified that she seeks only prospective injunctive relief in the form of "instatement" against the voting trustees and President Jordan. I construe this clarification as an admission that the request for a declaratory judgment of past discrimination is withdrawn. Accordingly, Defendants' motion is granted and the complaint is dismissed to the extent it seeks a declaration of past discrimination in the First, Third and Fourth claims for relief.[2]

What remains to be determined is whether dismissal of these Defendants is appropriate because they do not have authority to "instate" Plaintiff. Defendants move pursuant to rule 12(b)(6) for dismissal because the individual members, as well as President Jordan, do not have the ability, singlehandedly, to "instate" the Plaintiff into a tenure track position. Defendants cite the Board of Trustee's enabling statute in support

---

[2] I have previously addressed Plaintiff's concession that the nonvoting trustees should be dismissed.

of their argument. I decline to consider matters outside of the pleadings at this time, and find that, based on the allegations of the Complaint, Plaintiff has stated a claim for "instatement" against these Defendants. Defendants should reraise this argument at the summary judgment stage of the proceedings.

### C. MOTION TO DISMISS THE THIRD CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6)

Plaintiff's third claim for relief, against the individual Board members in their official capacities and against Susman, Watson, and Foster in their individual capacities, is for the abridgement of her First Amendment Freedom of Speech pursuant to 42 U.S.C. § 1983. Defendants only seek to dismiss the Third Claim to the extent it relates to Plaintiff's proposal that MSCD should offer a minor degree in parenting.[3] Defendants contend that the Plaintiff's advocacy for the parenting degree should not be protected because this speech is not protected speech under the First Amendment. Citing the five-part test in *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192 (10th Cir. 2007) to determine whether an employee can state a 42 U.S.C. § 1983 freedom of speech retaliation claim, Defendants argue that Plaintiff's claim fails the first two factors - that the speech was made pursuant to her official duties and did not touch on matters of public concern.[4]

I have reviewed the extensive pleadings on this issue and deny Defendants' motion

---

[3]Defendants concede for the purposes of this motion that the other instance of alleged protected speech identified by the Plaintiff (*See* Pl.'s Mot., p. 15, ¶C) would be constitutionally protected. *See* Defs.' Mot., p. 19 [ECF No. 25].

[4]fThe five-step analysis involves: (1) whether the employee speaks "pursuant to [his] official duties; (2) whether the subject of the speech is a matter of public concern; (3) whether the employee's interest in commenting on the issue outweighs that of the employer; (4) whether the speech was a "substantial factor or motivating factor in [a] detrimental employment decision; and (5) whether the employer may demonstrate that it would have taken the same action against the employee even in the absence of protected speech. *Brammer-Hoelter*, 492 F.3d at 1202-03.

to dismiss.  Every case cited by Defendants resolved this issue at the summary judgment stage.  I agree with plaintiff that this is an issue more suited for disposition at the summary judgment stage.  *See* Pl.'s Mot., p. 17 [ECF No. 18](citing *Schrier, M.D. v. University of the Commonwealth System of Higher Education, et al.,* 776 F.2d 443, 452 (10th cir. 1985).[5]

### D. Motion to Dismiss the Seventh Claim pursuant to Fed. R. Civ. P. 12(b)(6)

Plaintiff's Seventh Claim is one for intentional interference with contract and prospective contractual relationship against Defendants Susman, Watson and Foster in their individual capacities.  Defendants seek to dismiss this claim pursuant to Rule 12(b)(6) because Plaintiff has failed to state a claim for either of these state-law torts.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This Court will "assume the truth of all well-pleaded facts in the complaint, and draw reasonable inferences therefrom in the light most favorable to the plaintiff[ ]."  *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (alteration added). This assumption, however, is inapplicable when the complaint relies on a recital of the elements of a cause of action supported by mere conclusory statements.  *See Iqbal*, 129 S.Ct. at 1949.  In addition, "[t]he court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's

---

[5] I also decline to reach Defendants' qualified immunity claim for similar reasons.  In addition, Defendants arguments of sparing the individual Defendants from participating in discovery rings hallow when the Defendants have not even sought dismissal of Plaintiff's First Amendment claim related to discrimination.

complaint alone is legally sufficient to state a claim for which relief may be granted" under Rule 8(a)(2). *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted).

To be liable for intentional interference with contract, a defendant must 1) be aware of a contract, 2) intend that one party breach the contract; 3) and induce the party to breach or make it impossible for the party to perform the contract.*"* *Krystkowiak v. W.O. Brisben Cos.*, 90 P.3d 859, 871 (Colo. 2004). In her Response brief, Plaintiff argues that "the individually-named Defendants interfered with [her contract with MSCD] by discriminating against her based on her age, retaliating against her because of her opposition to discrimination, and retaliating against her for exercising her right to academic freedom." Pl.'s Resp., p.19. Plaintiff, however, makes no effort to explain how these conclusory allegations fit within the 12(b)(6) framework for a intentional interference claim. Specifically, Plaintiff's Complaint contains no factual allegations that these individual Defendants induced MSCD to breach her contract - other than the conclusory allegations of Paragraph 95. As to the prospective contractual relationship claim, this claim must also fail. The Complaint simply rehashes the elements of the caus of action and contains the conclusory, non-specific allegation that the individual "Defendants intentional and improperly induced the third party to breach the ... prospective contracts." Pl.'s Compl., ¶95. These allegations are not sufficient to move her claims beyond the speculative. Accordingly, Plaintiff's Seventh Claim is dismissed.

### III. CONCLUSION

Based on the forgoing, it is

ORDERED that Defendants' Amended Motion to Dismiss [ECF No. 10] is

**GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** to the extent that summary judgment is entered in favor of Defendants on Plaintiffs First and Second Claims for Relief. In addition, Plaintiff's Fifth, Sixth and Seventh Claims for Relief and Defendants Gerie Grimes and Eugene W. Saxe are **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Third and Fourth claims for relief are **DISMISSED WITHOUT PREJUDICE** only to the extent they seek a declaration of past discrimination. Defendants' motion is otherwise **DENIED**. It is

FURTHER ORDERED that Plaintiff's Motion to Strike Portion of Defendants' Reply [ECF No. 26], Defendants' Amended Motion to Dismiss [ECF No. 10] is **DENIED**.

Dated this 30th day of September, 2010.

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE