IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 09–cv–01034–WYD–KMT

DR. BETHANN BIERER,

    Plaintiff,

v.

METROPOLITAN STATE COLLEGE, THE BOARD OF TRUSTEES OF, a Colorado body corporate,
MARIA GARCIA BERRY, in her official capacity as a Trustee,
DAWN P. BOOKHARDT, in her official capacity as a Trustee,
ROBERT COHEN, in his official capacity as a Trustee,
ANTONIO ESQUIBEL, in his official capacity as a Trustee,
GERIE GRIMES, in her official capacity as a Trustee,
WILLIAM HANZLIK, in his official capacity as a Trustee,
MELODY HARRIS, in her official capacity as a Trustee,
MICHELLE M. LUCERO, in her official capacity as a Trustee,
ADELE PHELAN, in her official capacity as a Trustee,
ELLEN S. ROBINSON, in her official capacity as a Trustee,
EUGENE W. SAXE, in his official capacity as a Trustee,
DR. ELLEN SUSMAN, in her individual capacity,
DR. MARY ANN WATSON, in her individual capacity,
DR. JOAN FOSTER, in her individual capacity, and
DR. STEPHEN M. JORDAN, in his individual and official,

    Defendants.

# ORDER

This matter is before the court on "Plaintiff's Unopposed Motion for Leave to Submit First Amended Complaint and Jury Demand." (Doc. No. 36, filed October 26, 2010.) Plaintiff seeks to replead her claim for intentional interference with contract, after the District Court

dismissed this claim without prejudice for failure to plead with sufficient specificity. (*Id.* at 2.) She also seeks to delete from the complaint the other claims dismissed by the District Court in its recent ruling on Defendants' motion to dismiss and to withdraw her First Amendment claim. (*Id.*)

Pursuant to Fed. R. Civ. P. 15(a), "[t]he court should freely give leave (to amend the pleadings) when justice so requires." *See also York v. Cherry Creek Sch. Dist. No. 5,* 232 F.R.D. 648, 649 (D. Colo. 2005); *Aspen Orthopaedics & Sports Medicine, LLC v. Aspen Valley Hosp. Dist.,* 353 F.3d 832, 842 (10th Cir. 2003). The Supreme Court has explained the circumstances under which denial of leave to amend is appropriate.

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given." Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983).

Defendants do not oppose Plaintiff's motion. The case is still in the early stages of litigation. The court has not yet held a scheduling conference in this case or set a deadline for the parties to amend the pleadings. In fact, the court recently lifted the stay of proceedings that was in effect pending the District Court's ruling on Defendants' motion to dismiss, and no

2

discovery has occurred. Moreover, the court has not yet set a trial date. The court finds no showing of undue delay, bad faith or dilatory motive, undue prejudice, or futility.

Therefore, it is **ORDERED**

"Plaintiff's Unopposed Motion for Leave to Submit First Amended Complaint and Jury Demand." (Doc. No. 36) is GRANTED. The Clerk of Court shall file Plaintiff's "First Amended Complaint and Jury Demand" (Doc. No. 36-1).

Dated this 29th day of October, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge